**WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP**

Kathryn A. Grace, Esq. (*pro hac vice* forthcoming)
Nicole T. Melvani, Esq. (SBN 281718)
8444 Westpark Drive, Suite 510
McLean, Virginia 22102-5102
Telephone: (703) 245-9300
Facsimile: (703) 245-9301
Email: Kathryn.Grace@wilsonelser.com
Email: Nicole.Melvani@wilsonelser.com

Gregory K. Lee, Esq. (SBN 220354)
555 S. Flower Street, Suite 2900
Los Angeles, California 90071
Telephone: (213) 443-5100
Facsimile: (213) 443-5101
Email: Gregory.Lee@wilsonelser.com

*Attorneys for Defendant Delta Air Lines, Inc.*

## UNITED STATES DISTRICT COURT
### FOR THE CENTRAL DISTRICT OF CALIFORNIA
**Los Angeles Division**

| | |
|---|---|
| Z.B., a minor, and J.B., a minor, by their guardian, S.S., and S.S., an individual, | ) Case No. |
| | ) |
| | ) **DEFENDANT DELTA AIR LINES,** |
| Plaintiffs, | ) **INC.'S NOTICE OF REMOVAL TO** |
| | ) **FEDERAL COURT** |
| v. | ) |
| | ) 28 U.S.C. §1332 |
| DELTA AIR LINES, INC.; | ) 28 U.S.C. §1441 |
| BRIAN PARTRICK DURNING; and | ) 28 U.S.C. §1446 |
| DOES 1-5, inclusive, | ) |
| | ) |
| Defendants. | ) |
| | ) |

TO THE CLERK OF COURT FOR THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE that Defendant Delta Air Lines, Inc. ("Defendant" or "Delta"), by and through its attorneys, Wilson, Elser, Moskowitz, Edelman, & Dicker LLP, hereby removes the above-entitled action, currently pending in the Superior Court of Los Angeles County (the "State Court"), to the

United States District Court for the Central District of California, Los Angeles Division, pursuant to 28 U.S.C. §1332, 28 U.S.C. § 1441, and 28 U.S.C. §1446.

## STATE COURT ACTION

1.      On January 30, 2024, Plaintiffs Z.B., a minor, and J.B., a minor, by their guardian, S.S., and S.S., an individual ("Plaintiffs") filed a Complaint against Delta Air Lines, Inc., Brian Patrick Durning, and Does 1-5, inclusive, entitled *Z.B. et al v. Delta Air Lines, Inc. et al* in the Superior Court of Los Angeles County, case number 24TRCV00333 (the "State Court Action").

2.      The Complaint was served on Delta's agent for service of process on February 23, 2024, along with the Summons, Civil Case Cover Sheet, Order Granting Ex-Parte Application to Allow Plaintiffs' Guardian Ad Litem to Proceed Under a Pseudonym, and Notice of Case Management Conference. (Attached as **Exhibit A** is a copy of the Complaint, Summons, Civil Case Cover Sheet, and Order Granting Ex-Parte Application to Allow Plaintiffs' Guardian Ad Litem to Proceed Under a Pseudonym, and Notice of Case Management Conference, served on February 23, 2024).

3.      Plaintiffs' Complaint arises out of the criminal actions of a passenger, Brian Patrick Durning ("Durning"), on board a Delta flight from Los Angeles, California to Orlando, Florida. Plaintiffs allege Durning assaulted, Z.B., a minor passenger sitting next to him, causing injury to Z.B., her sibling J.B., and her mother, S.S. Durning was arrested and subsequently convicted of assaulting a minor on an aircraft and two counts of simple assault by a federal jury in the United States District Court for the Middle District of Florida.

4.      In the Complaint, Plaintiffs allege causes of action against Delta for intentional infliction of emotional distress, gross negligence, negligence, negligent infliction of emotional distress, and violation of Business and Professions Code § 17200.

5.      Plaintiff Z.B. alleges causes of action for assault, sexual battery (Civil Code § 1708.5), and battery against defendant Durning. All plaintiffs allege causes of action for intentional infliction of emotional distress against defendant Durning.

6.      Plaintiffs pray for past, present and future non-economic damages; past, present and future special damages, including but not limited to past, present, future lost earnings, economic damages and others, in an amount to be determined at trial; exemplary and punitive damages; costs and expenses of suit, including expert witness fees; reasonable attorneys' fees pursuant to California Code of Civil Procedure § 1021.5 and/or any other applicable provision providing for attorneys' fees; pre-judgment and post-judgment interest; and any other equitable and further relief the Court deems proper.

7.      Pursuant to 28 U.S.C. § 1446(a), the documents attached as **Exhibit A** constitute all of the process, pleadings, and orders on file in the State Court Action.

8.      Upon information and belief, at the time of this Notice of Removal, Plaintiffs have not served any other defendant in this action, including defendant Durning or John Does 1-5.

9.      Defendant Durning has not been properly served and therefore does not need to consent to removal at this time.

10.     John Does 1-5, sued under fictitious names, have not been properly identified or served and therefore do not need to consent to removal at this time.

## GROUNDS AND AUTHORITY FOR REMOVAL

11.     Pursuant to 28 U.S.C. § 1441(a), for any civil action brought in a State court, where a district court of the United States would have original jurisdiction, the defendant may remove the action to "the district court of the United States for the district and division embracing the place where such action is pending."

12.     Delta removes this action to the United States District Court for the Central District of California, as this Court has original jurisdiction pursuant to 28

U.S.C. § 1332 since the plaintiffs and the defendants are citizens of separate states and the amount in controversy is reasonably in excess of $75,000.

### *Complete Diversity*

13.     Pursuant to 28 U.S.C. § 1331, the Court has jurisdiction over this action because there is complete diversity of citizenship between Plaintiffs and Defendants.

14.     The basic requirement in diversity cases is that all plaintiffs be of different citizenship than all defendants. 28 U.S.C. § 1332(a).

15.     For diversity purposes, a natural person is a "citizen" of the state which he or she is domiciled. (*Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983)). A natural person's domicile is the place he or she resides with the intention to remain or to which he or she intends to return. *Kanter v. Warner-Lambert Co., 265 F.3d. 853, 857 (9th Cir. 2001).*

16.     A corporation is deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business. 28 U.S.C. § 1332(c)(1); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) (the "'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities," and in practice, the principal place of business "should normally be the place where the corporation maintains its headquarters – provided that the headquarters is the actual center of direction, control, and coordination").

17.     For removal purposes, diversity must exist both at the time the action was commenced in state court and at the time of removal. *Strotek Corporation v. Air Transport Association of America, 300 F.3d 1129, 1131 (9th Cir. 2002).*

18.     Upon information and belief, Plaintiffs are citizens of, domiciled in, and residents of California. *See* Plaintiffs' Complaint at ¶ 7-9, 18.

19.     Delta is a corporation that is incorporated in Delaware and has its principal place of business in Georgia.

294148109v.1

20.     Upon information and belief, Durning is domiciled in and a citizen of the State of Florida.

21.     Therefore, complete diversity of citizenship exists between Plaintiffs and Defendants.

22.     The defendants identified as "Does 1-5" in Plaintiffs' Complaint are sued under fictitious names, and their citizenship must be disregarded for purposes of determining removal jurisdiction. 28 U.S.C. §1441(b)(1); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690 (9th Cir. 1998).

23.     Plaintiffs do not allege Durning's citizenship in their complaint. Rather, Plaintiffs make a conclusory allegation that Durning is a resident of Los Angeles County, California. *See* Plaintiffs' Complaint at ⁋ 11.

24.     However, "28 U.S.C. §1332 speaks of citizenship, not of residency. . . . The natural person's state citizenship is then determined by her state of domicile, not her state of residence." *Kanter v. Warner-Lambert Co.,* 265 F. 3d 853, 857 (9th Cir. 2001); *see also Ehrman v. Cox Communs., Inc.*, 932 F.3d 1223 (9th Cir. 2019) ("We agree that residency is not equivalent to citizenship."); *Mondragon v. Capital One Auto Fin.*, 736 F.3d 880, 886 (9th Cir. 2013) (noting that the Ninth Circuit has not yet addressed whether "a person's residence [is] prima facie evidence of the person's domicile.").

25.     A natural person's domicile is his or her "permanent home," the place he or she resides with the intention to remain or to which he or she intends to return. *Kanter,* 265 F. 3d at 857. "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." *Id.; see also Weible v. United States*, 244 F.2d 158, 163 (9th Cir. 1957) ("Residence is physical, whereas domicile is generally a compound of physical presence plus an intention to make a certain definite place one's permanent abode, though, to be sure, domicile often hangs on the slender thread of intent alone, as for instance where one is a wanderer over the earth. Residence is not an immutable condition of domicile.").

26.     Delta alleges, upon information and belief, that Durning's domicile is the State of Florida. Upon information and belief, Durning intends to return home to the State of Florida and reside there permanently upon his release from prison. Thus, Durning is a citizen of the State of Florida.

27.     To the best of Delta's knowledge, no other defendant has been served in this action yet. *See* State Court Docket Sheet, **Exhibit B**.

28.     Based on the state court docket, no summons has yet been issued for Durning, nor is there a return of service filed.

29.     While Delta maintains that complete diversity exists with Durning as a citizen of Florida, to the extent Plaintiffs do not intend to prosecute the action against Durning, then his presence in the lawsuit is irrelevant for the purposes of determining diversity. *See Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 98 (1921) (upholding removal where joinder of a non-diverse codefendant was "without any purpose to prosecute the action in good faith against him and with the purpose of fraudulently defeating the employer's right of removal"); *Abels v. State Farm Fire & Casualty Co.*, 770 F.2d 26, 32 (3d Cir. 1985) ("Courts have found joinder to be fraudulent where there is no . . . real intention in good faith to prosecute the action against the defendant or seek a joint judgment."); *Diaz v. Allstate Ins. Group*, 185 F.R.D. 581 (C.D. Cal. 1998) (noting fraudulent joinder can occur "if the plaintiff has no actual intention to prosecute an action against those particular resident defendants").

### *Amount in Controversy*

30.     The amount in controversy exceeds $75,000.00 as required by 28 U.S.C. § 1332(a).

31.     The Supreme Court has held that "a defendant's notice of removal need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).

32.   The amount in controversy is based on the relief a plaintiff theoretically could obtain if he or she was successful on all the claims. *Campbell v. Vitran Exp., Inc*. 471 F. App'x 646, 648 (9th Cir. 2012). Thus, for purposes of evaluating the total amount in controversy, the court must presume the plaintiff will prevail on each and every one of their claims. *See Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 993, 1001 (C.D. Cal. 2002) (citing *Burns v. Windsor Ins. Co.*, 31 F. 3d 1092, 1096 (11th Cir. 1994) (the amount in controversy analysis presumes that "plaintiff prevails on liability")); *Dugan v. ACME Markets, Inc.*, Civ. No. 15-5267, 2016 U.S. Dist. LEXIS 6838, 2016 WL 266350, at *3 (D.N.J. Jan. 21, 2016) ("[P]ersonal injury cases alleging 'severe and permanent' injuries will be removable absent proof to a 'legal certainty' that the amount in controversy cannot exceed $75,000." (citations omitted)).

33.   In considering the aggregate reasonable amount in controversy, amounts sought for punitive damages are properly included as well. *Davenport v. Mutual Ben. Health & Acc. Ass'n*, 325 F. 2d 785, 787 (9th Cir. 1963); *see also Aucina v. Amoco Oil Co.*, 871 F. Supp. 332 (S.D. Iowa 1994).

34.   Here, Plaintiffs' Complaint alleges each of them suffered "substantial and permanent injuries . . . including but not limited to: severe emotional distress, including but not limited to, anxiety, depression, Post-Traumatic Stress Disorder, panic attacks, loss of enjoyment of life, fear of flying, nightmares and inability to perform daily activities, and physical manifestations of severe emotional distress, such as physical injuries from self-destructive behavior." *See* Complaint at ¶ 46.

35.   Plaintiffs seek past, present and future non-economic damages; past, present and future special damages, including but not limited to past, present, future lost earnings, economic damages and others; exemplary and punitive damages; costs and expenses of suit, including expert witness fees; reasonable attorneys' fees; and pre-judgment and post-judgment interest.

36.     Given the claims alleged and scope of damages sought, the amount in controversy exceeds $75,000.

37.     Accordingly, this Court has original jurisdiction in this action under 28 U.S.C. § 1332 because: (1) there is complete diversity of citizenship between the parties; and (2) the amount in controversy exceeds $75,000.

## COMPLIANCE WITH REMOVAL PROCEDURE

### *Timeliness of Removal*

38.     As a general rule, removal is required within thirty days of service of the Complaint or thirty days from the first instance notice was provided of removability. 28 U.S.C. § 1446(b)(3).

39.     Delta was served on February 23, 2024, through its designated agent for service in California. Delta is filing this Notice of Removal within thirty days from the date of service and, therefore, is in compliance with Section 1446.

### *Venue*

40.     Venue in this District is proper pursuant to 28 U.S.C. § 1441(a) because the Los Angeles Superior Court, where the underlying action is currently pending, is located within the Central District of California.

### *Appropriate Notice*

41.     Pursuant to 28 U.S.C. § 1446(d), Delta will promptly provide written notice of this Removal to both Plaintiffs and the Clerk of the Superior Court for the County of Los Angeles.

### *Non-Waiver of Defenses*

42.     Nothing in this Notice of Removal is intended or should be construed as any type of express or implied admission by Delta of any fact, of the validity or merits of any of Plaintiffs' claims, causes of action, and allegations, or of any liability for the same, all of which is/are hereby expressly denied, or as any type of express or implied waiver or limitation of any of Delta's rights, claims, remedies,

294148109v.1

and defenses in connection with this action, all of which are hereby expressly reserved.

43.      Defendant expressly reserves the right to amend or supplement this Notice of Removal and the evidence in support thereof to the fullest extent permitted by applicable law to provide additional supporting evidence or include any additional sums sought in the Complaint not included herein, should any aspect of this removal and/or the information set forth herein be challenged. *See, e.g., Arias v. Residence Inn,* 936 F. 3d 920 at 925-29 (9th Cir. 2019) (defendant must be provided "a fair opportunity to submit proof" where amount in controversy contested).

44.      WHEREFORE, Delta respectfully removes *Z.B. et al v. Delta Air Lines, Inc. et al,* Case Number 24TRCV00333, currently pending in the Superior Court of Los Angeles County, to this Honorable Court for trial and determination.

Respectfully submitted,

Dated: March 18, 2024            **WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**

By: */s/ Nicole Melvani*_____
Nicole T. Melvani, Esq.
Kathryn A. Grace, Esq.
Gregory K. Lee, Esq.
*Attorneys for Defendant*
*Delta Air Lines, Inc.*

DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT

294148109v.1

1

*Z.B. et al v. Delta Air Lines, Inc. et al*

2

### **PROOF OF SERVICE**

3

I, the undersigned, am over the age of 18 and not a party to the within action. My business address is 8444 Westpark Drive, Suite 510, McLean, Virginia 22102.

4

5

On March 18, 2024, I caused to be served the following document(s) described as follows:

6

7

**DEFENDANT DELTA AIR LINES, INC.'S NOTICE OF REMOVAL TO FEDERAL COURT**

8

on the parties in this action by placing a true copy in a sealed envelope addressed as follows:

9

10

**SEE ATTACHED SERVICE LIST**

11

☐ **PERSONAL SERVICE** - I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed below, and providing them to a professional messenger service for service.  (A confirmation by the messenger will be provided to our office after the documents have been delivered.)

12

13

14

☐ **BY MAIL** - As follows:  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at San Diego, California in the ordinary course of business.  The envelope was sealed and placed for collection and mailing on this date following our ordinary practices.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

15

16

17

18

☐ **OVERNIGHT MAIL** - As follows:  I am "readily familiar" with the firm's practice of processing correspondence for mailing overnight via Federal Express. Under that practice it would be deposited in a Federal Express drop box, indicating overnight delivery, with delivery fees provided for, on that same day, at San Diego, California.

19

20

21

☒ **BY E-MAIL OR ELECTRONIC TRANSMISSION** - I caused the documents to be sent to the persons at the e-mail addresses listed below.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

22

23

24

Executed on March 18, 2024, at McLean, Virginia.  I declare under penalty of perjury under the laws of the State of California, that the above is true and correct.

25

26

/s/ Nicole T. Melvani

27

NAME

28

10

DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT

294148109v.1

*Z.B. et al v. Delta Air Lines, Inc. et al*

**SERVICE LIST**

| | |
|---|---|
| **LEWIS BAACH KAUFMANN MIDDLEMISS PLLC**<br>Jessica R. Lobis Buckwalter (SBN 199200)<br>Jessica.Buckwalter@lbkmlaw.com<br>1050 K Street, NW, Suite 400<br>Washington, DC 20001<br>Tel: (202) 833-8900<br>Fax: (202) 466-5738<br><br>Adam Kaufmann<br>Andy.Kaufmann@lbkmlaw.com<br>Li Jiang (SBN 292940)<br>Li.Jiang@lbkmlaw.com<br>10 Grand Center, 155 East 44th St., 25th Floor<br>New York, NY 10017<br>Tel: (212) 826-596-2919<br>Fax: (202) 826-7146<br><br>**AGNIFILO LAW GROUP, APC**<br>Karen Agnifilo<br>karen@agnifilolaw.com<br>256 5th Ave.<br>New York, NY 10001<br>Tel: (646) 596-2919<br><br>**DE CASTRO LAW GROUP, P.C.**<br>José-Manuel A. de Castro (SBN 213769)<br>jmdecastro@decastrolawgroup.com<br>7590 N. Glenoaks Blvd., Suite 201<br>Los Angeles, CA 91504<br>Tel: (310) 270-9877<br>Fax: (310) 341-2330 | Attorneys for Plaintiffs |

DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT

294148109v.1