**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**

Kathryn A. Grace, Esq. (*pro hac vice*)
Nicole T. Melvani, Esq. (SBN 281718)
8444 Westpark Drive, Suite 510
McLean, Virginia 22102-5102
Telephone: (703) 245-9300
Facsimile: (703) 245-9301
Email: Kathryn.Grace@wilsonelser.com
Email: Nicole.Melvani@wilsonelser.com

Gregory K. Lee, Esq. (SBN 220354)
555 S. Flower Street, Suite 2900
Los Angeles, California 90071
Telephone: (213) 443-5100
Facsimile: (213) 443-5101
Email: Gregory.Lee@wilsonelser.com

*Attorneys for Defendant Delta Air Lines, Inc.*

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
### Los Angeles Division

| | |
|---|---|
| Z.B., a minor, and J.B., a minor, by their guardian, S.S., and S.S., an individual,<br><br>Plaintiffs,<br><br>v.<br><br>DELTA AIR LINES, INC.; BRIAN PARTRICK DURNING; and DOES 1-5, inclusive,<br><br>Defendants. | Case No. 2:24-cv-02178<br><br>**DEFENDANT DELTA AIR LINES, INC.'S RESPONSE TO ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE REMANDED FOR LACK OF JURISDICTION** |

Defendant Delta Air Lines, Inc. ("Defendant" or "Delta"), by and through its attorneys, Wilson, Elser, Moskowitz, Edelman, & Dicker LLP, hereby responds to the Court's March 26, 2024 Order to Show Cause Why Action Should Not be Remanded for Lack of Subject Matter Jurisdiction (Doc. 23) as follows.

1
DEFENDANT DELTA'S RESPONSE TO ORDER TO SHOW CAUSE

295410273v.1

**BACKGROUND**

1. On January 30, 2024, Plaintiffs Z.B., J.B., and S.S. (collectively "Plaintiffs") filed a Complaint against Delta, Brian Patrick Durning ("Durning"), and Does 1-5, in the Superior Court of Los Angeles County.

2. Plaintiffs allege causes of action for intentional infliction of emotional distress, gross negligence, negligence, negligent infliction of emotional distress and violation of Business and Professions Code § 17200 against Delta.

3. Plaintiff Z.B. alleges claims against Durning for assault, sexual battery, and battery. All Plaintiffs collectively allege a claim against Durning for intentional infliction of emotional distress.

4. Plaintiffs' Complaint arises out of the criminal actions of Durning that occurred during a Delta flight from Los Angeles, California to Orlando, Florida. Plaintiffs allege Durning assaulted Z.B., a minor passenger sitting next to him, causing injury to Z.B., her sibling J.B., and her mother, S.S. Durning was subsequently arrested and convicted of assaulting a minor on an aircraft and two counts of simple assault.

5. On March 20, 2024, Delta filed to remove this matter to the District Court for the Central District of California based on the complete diversity of the parties.

6. On March 27, 2024, the Court issued the subject Order to Show Cause Why Action Should Not be Remanded for Lack of Subject Matter Jurisdiction (Doc. 23) seeking additional evidence or facts from both parties regarding the amount in controversy.

7. In a good faith effort to resolve the amount in controversy issue efficiently, Delta emailed Plaintiffs' attorney to request the parties stipulate that the amount in controversy does not exceed $75,000. *See* **Exhibit A**. In response, Plaintiffs' counsel inquired as to whether Delta intended to request a stipulation that the amount in controversy exceeds $75,000. *Id*. After defense counsel

1  confirmed that either stipulation would be acceptable, Plaintiffs declined to enter
2  into a stipulation. *Id*.

## AMOUNT IN CONTROVERSY

8. An action may be removed to and remain in federal court where the defendant establishes, by a preponderance of the evidence, that the total amount-in-controversy exceeds the jurisdictional amount. *See Abrego Abrego v. Dow Chemical Co.,* 443 F. 3d 676, 683 (9th Cir. 2006); and *Bank of Calif. Nat'l Ass'n v. Twin Harbors Lumber Co.,* 465 F. 2d 489, 491 (9th Cir. 1972). If defendant demonstrates that "it is more likely than not" that the amount-in-controversy exceeds $75,000, satisfying the requirements, then the preponderance of the evidence test is satisfied. *Sanchez v. Monumental Life Ins. Co.*, 102 F. 3d 398, 404 (9th Cir. 1996); *see also Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 159 (6th Cir. 1993), abrogated on other grounds at *Hertz Corp. v. Friend*, 559 U.S. 77 (2010) (explaining that the "preponderance of the evidence" test does not place upon the defendant "the daunting burden of proving, to a legal certainty, that the plaintiff's damages are not less than the amount in controversy requirement" because "[s]uch a burden might well require the defendant to research, state and prove the plaintiff's claim for damages").

9. "[W]hen a defendant's allegations of removal jurisdiction are challenged, the defendant's showing on the amount in controversy may rely on reasonable assumptions." *Arias v. Residence Inn,* 936 F.3d 920, 922 (9th Cir. 2019).

10. In an action by a single plaintiff against a single defendant, all claims can be aggregated to meet the minimum jurisdictional amount. *Twin Harbors Lumber Co.*, 465 F. 2d at 491. Where there are multiple plaintiffs who assert separate and distinct claims, their claims are not aggregated together to satisfy the amount in controversy requirement. *See Urbino v. Orkin Servs. of Cal.,* 726 F3d 1118, 1122 (9th Cir. 2013). Only one named plaintiff's claims must satisfy the

amount in controversy requirement. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 549 (2005).

11. The amount in controversy is based on the relief a plaintiff theoretically could obtain if he or she was successful on all the claims. *Campbell v. Vitran Exp., Inc.* 471 F. App'x 646, 648 (9th Cir. 2012). Thus, for purposes of evaluating the total amount in controversy, the court must presume the plaintiff will prevail on each and every one of their claims. *See Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 993, 1001 (C.D. Cal. 2002) (citing *Burns v. Windsor Ins. Co.*, 31 F. 3d 1092, 1096 (11th Cir. 1994) (the amount in controversy analysis presumes that "plaintiff prevails on liability")); *Angus v. Shiley Inc.*, 989 F.2d 142, 146 (3d Cir. 1993) ("the amount in controversy is not measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated").

12. In considering the aggregate reasonable amount in controversy, amounts sought for punitive damages and for attorneys fees are properly included as well. *Davenport v. Mutual Ben. Health & Acc. Ass'n*, 325 F. 2d 785, 787 (9th Cir. 1963); *Gonzales v. CarMarx Auto Superstores, LLC*, 840 F.3d 644, 648-49 (9th Cir. 2016).

13. Here, Plaintiffs' Complaint alleges each of the Plaintiffs suffered "substantial and permanent injuries . . . including but not limited to: severe emotional distress, including but not limited to, anxiety, depression, Post-Traumatic Stress Disorder, panic attacks, loss of enjoyment of life, fear of flying, nightmares and inability to perform daily activities, and physical manifestations of severe emotional distress, such as physical injuries from self-destructive behavior." *See* Complaint at ¶ 46.

14. Further, the Complaint alleges that Plaintiff Z.B. has required professional counseling and private tutoring, and that Plaintiff J.B. has required "one-on-one aide at school" since the incident. *See* Complaint at ¶ 36-37.

15. Plaintiffs' Civil Case Cover Sheet states that the Action is an unlimited civil case and exceeds $25,000.

16. Plaintiff Z.B. alleges a total of nine causes of action. Plaintiff J.B. alleges a total of six causes of action. Plaintiff S.S. also alleges a total of six causes of action.

17. Plaintiffs' Complaint lists seven distinct categories of damages that are claimed by each of the three Plaintiffs. Each Plaintiff seeks past, present, and future non-economic damages; past, present, and future special damages, including but not limited to past, present, future lost earnings, economic damages, and others; exemplary and punitive damages; costs and expenses of suit, including expert witness fees; reasonable attorneys' fees; and pre-judgment and post-judgment interest. *See* Complaint at p. 23.

18. Plaintiffs seek "exemplary and punitive damages in an amount deemed sufficient by the trier of fact to punish, deter, and make an example of Defendants" and "reasonable attorneys' fees pursuant to California Code of Civil Procedure § 1021.5." *See id.*

19. Recently, a federal district court ruled that despite the absence of a specified damages amount in the complaint, a plaintiff seeking damages for significant injuries, including physical injuries, mental anguish, and loss of enjoyment of life, met the $75,000 jurisdictional limit for amount in controversy. *Sikorski v. Wal-Mart Real Estate Bus. Tr.*, No. 3:22-cv-205, 2023 U.S. Dist. LEXIS 114769, at *5 (D. Conn. July 5, 2023) ("Given the significance of the injuries alleged by Plaintiff, and Plaintiff's own concession that the damages may at some point exceed $75,000 . . . the Court finds that Defendant has met its burden of establishing a reasonable probability that the amount in controversy exceeds $75,000.")(citation omitted); *see also Moore v. CVS Health Corp.*, Case No. EDCV17-888 JGB (DTBx), 2017 U.S. Dist. LEXIS 109808, at *6 (C.D. Cal. July 14, 2017) ("[D]ue to the severity of the alleged injuries and damages sought –

including attorney's fees, the Court finds it reasonably apparent that Plaintiff's prayer for relief satisfies the requirement under the provisions of 1332(a)."); *Dugan v. ACME Markets, Inc.*, Civ. No. 15-5267, 2016 U.S. Dist. LEXIS 6838, 2016 WL 266350, at *3 (D.N.J. Jan. 21, 2016) ("[P]ersonal injury cases alleging 'severe and permanent' injuries will be removable absent proof to a 'legal certainty' that the amount in controversy cannot exceed $75,000." (citations omitted)); *De Aguilar v. Boeing Co.* 11 F.3d 55, 57 (5th Cir. 1993) ("It is facially apparent that the claims in this case – claims for wrongful death, terror and anticipation of death, loss of companionship, and funeral expenses – did exceed $50,000 at the time of removal."); *Bracken v. Dolgencorp, LLC*, 2018 U.S. Dist. LEXIS 202099, at *9-10 (E.D. Pa. Nov. 29, 2018) (finding allegations of "severe and permanent injuries," "great financial detriment and loss," "loss of wages and earning capacity," and "indefinite" loss of ability to perform usual activities of daily life to suffice to put amount in controversy at more than $75,000).

20. Accordingly, even considering only one of the named plaintiffs for purposes of evaluating the amount in controversy, the volume of alleged claims in this matter, coupled with the type and scope of damages sought, strongly indicates the amount in controversy exceeds the $75,000.00 threshold. These allegations provided a good faith basis to believe that the amount in controversy requirement is satisfied on the face of the complaint.

21. Furthermore, courts may consider binding stipulations when determining the amount in controversy in removal actions. *Standard Fire Insurance Company v. Knowles*, 133 S. Ct. 1345, 596, 185 L. Ed. 2d 439, 445 (2013); *see also St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 294, 82 L.Ed. 845 (1938) ("If [a plaintiff] does not desire to try his case in the federal court he may resort to the expedient of suing for less than the jurisdictional amount, and though he would be justly entitled to more, the defendant cannot remove").

22. Courts have remanded actions on the condition that a plaintiff stipulate to pursuing damages under the jurisdictional requirement. *See Patel v. Nike Retail Servs.*, 58 F. Supp. 3d 1032, 1038-39 (N.D. Cal. 2014) (collecting cases). As the district court in *Patel* explained:

> The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability. The question is whether it is more likely than not Plaintiff can recover $75,000.00 if successful on all of [their] claims. A legally binding commitment by Plaintiff *not* to recover that amount is the best possible evidence on that question.

*Id.* (quotations and citation omitted) (emphasis in original). At least one federal court has stated that it will not remand a personal injury claim in the absence of a waiver by the plaintiff capping damages at $75,000. *See Avant v. J.C. Penney*, No 07-1997, 2007 U.S. Dist. LEXIS 44320, 2007 WL 1791621, at *2 (D.N.J. June 19, 2007); *see also* 14AA C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure § 3702.1, p. 335 (4th ed. 2011) (a federal court, as condition for remand, can insist on a "binding affidavit or stipulation that the plaintiff will continue to claim less than the jurisdictional amount").

23. Considering the Plaintiffs' refusal to stipulate that they are seeking damages less than $75,000, it is reasonable for the Court to infer that the amount in controversy exceeds $75,000. *See Schudy v. Gordon*, Case No. 06-00136-CV-W-DW, 2006 U.S. Dist. LEXIS 21813, at *3-4 (W.D. Mo. Mar. 28, 2006) (considering evidence that the plaintiff declined to stipulate that the amount in controversy was less than $75,000 and noting this "reinforces the Court's amount-in-controversy decision"); *Pendergrass v. Time Ins. Co.*, Case. No. 5:09-cv-215-R, 2010 U.S. Dist. LEXIS 23144, at *6 (W.D. Ky. Mar. 11, 2010) (considering the fact that the plaintiff declined to stipulate that the amount in controversy did not exceed $75,000 when denying motion for remand).

24. In sum, given the number of claims alleged, the type and scope of damages sought, and Plaintiffs' refusal to stipulate that the amount in controversy is under the minimum requirement, the amount in controversy exceeds $75,000.

25. Accordingly, this Court has original jurisdiction in this action under 28 U.S.C. § 1332 because: (1) there is complete diversity of citizenship between the parties; and (2) the amount in controversy exceeds $75,000.

26. WHEREFORE, Delta respectfully requests the Court not remand this matter and certify removal or, alternatively, requests the Court require Plaintiffs to stipulate that they are seeking damages less than $75,000.

                                                    Respectfully submitted,

Dated: April 9, 2024                 **WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**

By: */s/ Nicole Melvani*
     Nicole T. Melvani, Esq.
     Kathryn A. Grace, Esq.
     Gregory K. Lee, Esq.
     *Attorneys for Defendant*
     *Delta Air Lines, Inc.*

*Z.B. et al v. Delta Air Lines, Inc. et al*

## **PROOF OF SERVICE**

 I, the undersigned, am over the age of 18 and not a party to the within action. My business address is 8444 Westpark Drive, Suite 510, McLean, Virginia 22102.

 On April 9, 2024, I caused to be served the following document(s) described as follows:

**DEFENDANT DELTA AIR LINES, INC.'S RESPONSE TO ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE REMANDED FOR LACK OF JURISDICTION**

on the parties in this action by placing a true copy in a sealed envelope addressed as follows:

 **SEE ATTACHED SERVICE LIST**

☐  **PERSONAL SERVICE** - I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed below, and providing them to a professional messenger service for service. (A confirmation by the messenger will be provided to our office after the documents have been delivered.)

☐  **BY MAIL** - As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at San Diego, California in the ordinary course of business. The envelope was sealed and placed for collection and mailing on this date following our ordinary practices. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐  **OVERNIGHT MAIL** - As follows: I am "readily familiar" with the firm's practice of processing correspondence for mailing overnight via Federal Express. Under that practice it would be deposited in a Federal Express drop box, indicating overnight delivery, with delivery fees provided for, on that same day, at San Diego, California.

☒  **BY E-MAIL OR ELECTRONIC TRANSMISSION** - I caused the documents to be sent to the persons at the e-mail addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

 Executed on April 9, 2024, at McLean, Virginia. I declare under penalty of perjury under the laws of the State of California, that the above is true and correct.

           /s/ Nicole T. Melvani
           ―――――――――――――――
           Nicole T. Melvani

*Z.B. et al v. Delta Air Lines, Inc. et al*

**SERVICE LIST**

| | |
|---|---|
| **LEWIS BAACH KAUFMANN MIDDLEMISS PLLC**<br>Jessica R. Lobis Buckwalter (SBN 199200)<br>Jessica.Buckwalter@lbkmlaw.com<br>1050 K Street, NW, Suite 400<br>Washington, DC 20001<br>Tel: (202) 833-8900<br>Fax: (202) 466-5738<br><br>Adam Kaufmann<br>Andy.Kaufmann@lbkmlaw.com<br>Li Jiang (SBN 292940)<br>Li.Jiang@lbkmlaw.com<br>10 Grand Center, 155 East 44th St., 25th Floor<br>New York, NY 10017<br>Tel: (212) 826-596-2919<br>Fax: (202) 826-7146<br><br>**AGNIFILO LAW GROUP, APC**<br>Karen Agnifilo<br>karen@agnifilolaw.com<br>256 5th Ave.<br>New York, NY 10001<br>Tel: (646) 596-2919<br><br>**DE CASTRO LAW GROUP, P.C.**<br>José-Manuel A. de Castro (SBN 213769)<br>jmdecastro@decastrolawgroup.com<br>7590 N. Glenoaks Blvd., Suite 201<br>Los Angeles, CA 91504<br>Tel: (310) 270-9877<br>Fax: (310) 341-2330 | Attorneys for Plaintiffs |