**LEWIS BAACH KAUFMANN
MIDDLEMISS PLLC**
Jessica R. Lobis Buckwalter (SBN 199200)
    *Jessica.Buckwalter@lbkmlaw.com*
1050 K St., NW, Suite 400
Washington, DC 20001
Tele: (202) 833-8900; Fax: (202) 466-5738

Adam Kaufmann (admitted *pro hac vice*)
    *Adam.Kaufmann@lbkmlaw.com*
Li Jiang (SBN 292940)
    *Li.Jiang@lbkmlaw.com*
10 Grand Central, 155 East 44th St., 25th Fl.
New York, NY 10017
Tele: (212) 826-7001; Fax: (202) 826-7146

**AGNIFILO LAW GROUP, APC**
Karen Agnifilo (admitted *pro hac vice*)
    *karen@agnifilolaw.com*
256 5th Avenue
New York, NY 10001
Tele: (646) 596-2919

**DE CASTRO LAW GROUP, P.C.**
José-Manuel A. de Castro (SBN 213769)
    *jmdecastro@decastrolawgroup.com*
7590 N. Glenoaks Blvd., Suite 201
Los Angeles, CA 91504
Tele: (310) 270-9877; Fax: (310) 341-2330

*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Z.B., a minor, and J.B., a minor, by their guardian, S.S., and S.S., an individual,<br><br>              Plaintiffs,<br><br>       vs.<br><br>DELTA AIR LINES, INC.; BRIAN PATRICK DURNING; and DOES 1 through 5, inclusive,<br><br>              Defendants. | Case No. 2:24-cv-02178-FLA (DFMx)<br><br>**PLAINTIFFS' RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE REMANDED FOR LACK OF SUBJECT MATTER JURISDICTION** |

**TO THE HONORABLE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:**

Plaintiffs hereby respond to the Court's Order to Show Cause Why Action Should Not Be Remanded for Lack of Subject Matter Jurisdiction issued on March 26, 2024 ("Order"). For the reasons identified in the Order and discussed below, this matter should be remanded to the Superior Court of the State of California, for the County of Los Angeles, where it was originally brought, because Defendant Delta Air Lines, Inc. ("Delta") has failed to meet its burden of establishing that the amount in controversy exceeds $75,000 and therefore has failed to establish that this Court has subject matter jurisdiction.[1]

## I.   PROCEDURAL HISTORY AND STATEMENT OF FACTS

Plaintiffs filed their Complaint against Defendants Delta and Brian Patrick Durning ("Durning") in the Superior Court of the State of California for the County of Los Angeles ("State Court") on January 30, 2024. (Dkt. No. 1-1 at 11-33, Complaint in Case No. 24TRCV00333 ["Complaint"]). On February 14, 2024, the State Court issued Orders appointing a Guardian Ad Litem for the minor plaintiffs, Z.B. and J.B., and granted Plaintiffs' *Ex Parte* Application to allow them to proceed under pseudonyms. (Dkt. No. 15 at 4-8 and 10-11).

On February 16, 2024, the State Court issued Summons to Delta and Durning. (Dkt. No. 1-1 at 1, Dkt. No. 15 at 9). A copy of the Complaint and state court Summons was served on Delta on February 20, 2024. (Declaration of Jessica R. Lobis Buckwalter ["Buckwalter Decl."], ¶ 4, Exh. 1). Plaintiffs made multiple good faith attempts to serve the Complaint and state court Summons on Durning. Because Durning is incarcerated and was being transferred between various prisons, each of which required service

---

[1] This case should also be remanded for lack of subject matter jurisdiction because complete diversity does not exist. Plaintiffs will be filing a timely motion to remand setting forth the basis for their contention that complete diversity does not exist because Defendant Brian Patrick Durning, like Plaintiffs, is a California citizen.

1    through a different Sheriff's office, the Summons and Complaint were not served on

2    Durning until March 20, 2024. (Buckwalter Decl. ¶¶ 5-10, Exhs. 2-3).

3        On March 18, 2024, Delta filed a Notice of Removal to this Court relying on 28

4    U.S.C. §§1332, 1441 and 1446 and asserting "information and belief" allegations with

5    respect to both Durning's citizenship and the relief plaintiffs "theoretically could

6    obtain" with respect to the amount in controversy. (Dkt. No. 1 at ¶¶ 20, 26, 32). On

7    March 26, 2024, this Court issued the Order to Show Cause Why Action Should Not

8    Be Remanded for Lack of Subject Matter Jurisdiction (Dkt. No. 23) to which Plaintiffs

9    are now responding.[2]

10   **II.    LEGAL STANDARD**

11       "Federal courts are courts of limited jurisdiction. They possess only that power

12   authorized by the Constitution and statute[.]" *Kokkonen v. Guardian Life Ins. Co. of*

13   *Am.*, 511 U.S. 375, 377 (1994); U.S. Const. art. III, § 2, cl. 1. As such, it is presumed

14   that district courts lack jurisdiction unless the contrary appears affirmatively from the

15   record. *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006). A notice of

16   removal based on diversity jurisdiction must include "a plausible allegation that the

17   amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin*

18   *Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). Where, like here, the court

19   questions the defendant's allegation about the amount in controversy, the defendant

20   bears the burden of proving "by a preponderance of the evidence" that "the amount-in-

21   controversy requirement has been satisfied." *Id.* at 85, 88–89; *See also Gaus v. Miles,*

22   *Inc.*, 980 F.2d 564, 567 (9th Cir. 1992). Conclusory allegations as to the amount in

23   controversy are insufficient. *Corral v. Select Portfolio Servicing, Inc.* 878 F.3d 770, 774

24   (9th Cir. 2017) (internal citation omitted); *Kenneth Rothschild Trust v. Morgan Stanley*

25   *Dean Witter*, 199 F.Supp.2d 993, 1001 (C.D. Cal. 2002) (a defendant cannot meet its

26

27   _____

     [2] On March 28, 2024, the Court issued a federal summons to Durning (Dkt. No. 30) and
28   Plaintiffs are in the process of serving Durning through a Sheriff's office, as required
     by the correctional facility where he is currently incarcerated. (Buckwalter Decl. ¶ 11).

1    burden by pointing to a state law that might allow recovery above the jurisdictional

2    minimum). Rather, the "defendant must submit summary-judgment type evidence to

3    establish the actual amount in controversy exceeds $75,0000." *Id.* at 1001 (internal

4    citation omitted). "Federal jurisdiction must be rejected if there is any doubt as to the

5    right of removal in the first instance." *Gaus*, 980 F.2d at 566.

6    **III.   ARGUMENT**

7           In filing the action in state court in California, Plaintiffs were not required to and

8    did not take a position on whether the value of this case exceeded $75,000. (Complaint

9    at 11-33, Dkt. No. 1-1). Plaintiffs continue to take no position on the amount in

10   controversy. Delta, as the removing party, has the burden to establish the amount in

11   controversy by a preponderance of the evidence. Delta has failed to meet that burden.

12   Delta's Notice of Removal contains nothing more than conclusory allegations

13   concerning the amount in controversy. (Dkt. No. 1 at ¶¶ 20, 26, 32). These

14   conclusionary allegations are insufficient to meet Delta's burden. *See Corral*, 878 F.3d

15   at 774; *Kenneth Rothschild*, 199 F.Supp.2d at 1001*; Fritsch v. Swift Transp. Co. of Ariz.,*

16   *LLC*, 899 F.3d 785, 795 (9th Cir. 2018); *Mireles v. Wells Fargo Bank, N.A.*, 845

17   F.Supp.2d 1034, 1055 (C.D. Cal. 2012).[3]

18          Delta seeks to evade its obligation to provide evidence that the amount in

19   controversy exceeds $75,000 through speculative and conclusory references to future

20   lost wages, emotional distress and punitive damages, and potential attorneys' fees

21   awards. Such speculative and conclusory references do not satisfy its burden. *See*, *e.g.*,

22   *Ramirez v. Builder Servs. Group, Inc.*, No. 5:22-cv-1571-JGB (KKx), 2023 WL

23

---

24   [3] On March 28, 2024, Delta requested that Plaintiffs stipulate that the amount in
     controversy does not exceed $75,000.  Buckwalter Decl. ¶ 12. Plaintiffs declined.  *Id.*
25   Plaintiffs' decision not to enter into a stipulation is not evidence that Delta can use to
     meet its burden to prove that the jurisdictional threshold has been met. *See DuFoe v.*
26   *Bank of America Corp.,* No. 10-cv-6269 ODW (RCX) 2010 WL 11601828, at *3 (C.D.
     Cal., Oct. 28, 2010) ("district courts in the Ninth Circuit have rejected the proposition
27   that the amount in controversy can be established by a plaintiff's refusal to stipulate to
     the amount in controversy.").

28

---

4

115561, at *4 (C.D. Cal. Jan. 5, 2023) (collecting cases declining to project lost wages past the date of removal); *Eaton v. Dollar Tree, Inc.,* No. 2:23-CV-10094-FLA (MARx), 2024 WL 345461, at *2-3 (C.D. Cal. Jan. 30, 2024), *quoting Ogden v. Dearborn Life Ins. Co.,* 644 F.Supp.3d 559, 564 (D. Ariz. 2022) ("[T]he mere possibility of a punitive damages award is insufficient to prove that the amount in controversy requirement has been met."); *Fritsch*, 899 F.3d at 795 (requiring that a removing defendant "prove that the amount in controversy (including attorneys' fees) exceeds the jurisdictional threshold by a preponderance of the evidence … [and] to make this showing with summary-judgment-type evidence."); *Mireles*, 845 F.Supp.2d at 1055.

Because Delta has not met its burden to submit evidence, much less summary judgment-type evidence, that proves by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold, federal jurisdiction must be rejected.

## **CONCLUSION**

For the foregoing reasons, the Court should remand this action to the Superior Court of the State of California for the County of Los Angeles, where it was originally brought.

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 11-6.1**

The undersigned counsel of record for Defendant hereby certifies that this Response contains 1,250 words, which complies with the word limit of L.R. 11-6.1.

Dated: April 9, 2024

Respectfully submitted,

**LEWIS BAACH KAUFMANN
MIDDLEMISS PLLC**

By:  /s/ Jessica Buckwalter
Jessica R. Lobis Buckwalter (SBN 199200)
Adam Kaufmann (admitted *pro hac vice*)
Li Jiang (SBN 292940)

**AGNIFILO LAW GROUP, APC**

By:  /s/ Karen Agnifilo
Karen Agnifilo (admitted *pro hac vice*)

**DE CASTRO LAW GROUP, P.C.**

By:  /s/ José-Manuel A. de Castro
José-Manuel A. de Castro (SBN 213769)

*Attorneys for Plaintiffs*

PLAINTIFFS' RESPONSE TO COURT'S ORDER TO SHOW CAUSE

## <u>CERTIFICATE OF SERVICE</u>

I certify that on April 9, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notice to all counsel of record.

<u>/s/ *Jessica R. Lobis Buckwalter*</u>
Jessica R. Lobis Buckwalter