JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Z.B., *et al.*,<br><br>                      Plaintiffs,<br><br>      v.<br><br>DELTA AIRLINES, INC., *et al.*,<br><br>                      Defendants. | Case No. 2:24-cv-02178-FLA (DFMx)<br><br>**ORDER REMANDING ACTION FOR LACK OF SUBJECT MATTER JURISDICTION** |

## RULING

On January 30, 2024, Plaintiffs Z.B. and J.B. ("Plaintiffs"), by and through their guardians, initiated this action against Defendants Delta Airlines, Inc. ("Delta"), Brian Patrick Durning, and DOES 1 through 5 in the Los Angeles County Superior Court. Dkt. 1, Ex. A ("Compl."). The Complaint asserts causes of action against Delta for intentional infliction of emotional distress, negligent infliction of emotional distress, negligence, gross negligence, and violations of § 17200, *et seq.* of the California Business and Professions Code. *Id.*

On March 18, 2024, Delta removed the action to this court based on alleged diversity jurisdiction. Dkt. 1 ("NOR"). In its Notice of Removal, Delta alleges the court has subject matter jurisdiction under 28 U.S.C. § 1332 because the amount in

controversy exceeds $75,000.  *Id.*  On March 26, 2024, the court ordered the parties to show cause why the action should not be remanded for lack of subject matter jurisdiction due to an insufficient amount in controversy.  Dkt. 23.  Delta and Plaintiffs both filed responses.  Dkts. 33 ("Delta Resp."), 34.

Having reviewed the Notice of Removal and both responses to this court's Order to Show Cause, and for the following reasons, the court finds Delta fails to establish subject matter jurisdiction and accordingly REMANDS this action to the Los Angeles County Superior Court.

## **DISCUSSION**

Federal courts are courts of "limited jurisdiction," possessing "only that power authorized by the Constitution and statute[.]"  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); U.S. Const. art. III, § 2, cl. 1.  District courts are presumed to lack jurisdiction unless the contrary appears affirmatively from the record.  See *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n. 3 (2006).  Additionally, federal courts have an obligation to examine jurisdiction sua sponte before proceeding to the merits of a case.  See *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999).

Federal courts have jurisdiction where an action arises under federal law or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs.  28 U.S.C. §§ 1331, 1332(a).  Thus, a notice removing an action from state court to federal court must include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).  Where "the plaintiff contests, or the court questions, the defendant's allegation" concerning the amount in controversy, "both sides [shall] submit proof," and the court may then decide whether the defendant has proven the amount in controversy "by a preponderance of the evidence."  *Id.* at 88–89.  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first

1 instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  Defendant has the
2 burden as the removing party to justify this court's exercise of jurisdiction.  *Id.* at 567.
3       Here, the amount of damages Plaintiff seeks cannot be determined from the
4 Complaint, as it does not set forth a specific amount.  *See generally* Compl.  The
5 Complaint instead alleges each Plaintiff suffered "substantial and permanent injuries
6 … including but not limited to: severe emotional distress, including but not limited to,
7 anxiety, depression, Post-Traumatic Stress Disorder, panic attacks, loss of enjoyment
8 of life, fear of flying, nightmares and inability to perform daily activities, and physical
9 manifestations of severe emotional distress, such as physical injuries from self-
10 destructive behavior," and seeks past, present and future non-economic damages,
11 future special damages, punitive damages, attorney's fees, costs, and pre-and post-
12 judgment interest.  Compl. ¶ 46; Prayer for Relief.
13       In its Notice of Removal, Delta argues, "[g]iven the claims alleged and scope of
14 damages sought, the amount in controversy exceeds $75,000."  NOR ¶ 36.  In its
15 response to the OSC, Delta does not provide any corroborating evidence as to whether
16 the amount in controversy exceeds the jurisdictional threshold, and instead argues, the
17 "number of claims alleged, the type and scope of damages sought, and Plaintiffs'
18 refusal to stipulate that the amount in controversy is under the minimum requirement"
19 indicates the amount in controversy exceeds $75,000.  Delta Resp. ¶ 24.
20       Delta's speculative reliance on the number and breadth of Plaintiffs' claims,
21 without providing any corroborating or substantiating evidence, is insufficient to
22 satisfy its burden.  *See Fritsch v. Swift Transp. Co. of Ariz.*, LLC, 899 F.3d 785, 795
23 (9th Cir. 2018) (requiring that a removing defendant "prove that the amount in
24 controversy (including attorney's fees) exceeds the jurisdictional threshold by a
25 preponderance of the evidence … [and] to make this showing with summary-
26 judgment-type evidence.").  Moreover, Plaintiffs' decision not to enter into a
27 stipulation is not evidence that Delta can use to meet its burden.  *DuFoe v. Bank of*
28 *America Corp.*, Case No. 10-cv-6269-ODW (RCXx), 2010 WL 11601828, at *3 (C.D.

Cal., Oct. 28, 2010) ("District courts in the Ninth Circuit have rejected the proposition that the amount in controversy can be established by a plaintiff's refusal to stipulate to the amount in controversy.").

Though courts may consider punitive damages and attorney's fees in calculating the total amount in controversy, Defendant has not provided any explanation or detail, beyond mere conjecture about the possible availability of such relief, as to how these damages would place at least $75,000 at issue. *See* Delta Resp. ¶ 12; *Fritsch*, 899 F.3d at 795 ("A district court may reject the defendant's attempts to include future attorneys' fees in the amount in controversy if the defendant fails to satisfy this burden of proof.").

Accordingly, Delta has not met its burden to submit evidence that proves by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold, and therefore, there is no basis for diversity jurisdiction. *See Gaus*, 980 F.2d at 566 (finding any doubt regarding the existence of subject matter jurisdiction must be resolved in favor of remanding the action to state court).

## **CONCLUSION**

For the foregoing reasons, the court REMANDS the action to the Los Angeles County Superior Court, Case No. 24TRCV00333. All dates and deadlines in this court are VACATED. The clerk of the court shall close the action administratively.

IT IS SO ORDERED.

Dated: April 15, 2024

_____
FERNANDO L. AENLLE-ROCHA
United States District Judge